UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARY E. BERGER and K.C. CHARLES, INC., a Washington corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>COMCAST OF PENNSYLVANIA/ WASHINGTON/ WEST VIRGINIA, LP, a Colorado limited partnership corporation,<br><br>    Defendant. | NO. CV-08-320-LRS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER FOR INJUNCTION, AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**BEFORE THE COURT** are Plaintiff's Motion for Partial Summary Judgment and Order for Injunction (ECF No. 31) and Defendant's Motion for Partial Summary Judgment (ECF No. 36). A telephonic hearing was held on August 25, 2011. Brian S. Sheldon, Esq., argued for Plaintiffs. Leslie R. Weatherhead, Esq., argued for Defendant.

## I. BACKGROUND

Plaintiffs allege Defendant trespassed on their property by installing fiber optic cable without express permission and without authority under the Cable Communications Policy Act of 1984 (Cable Act), 47 U.S.C. §521 *et seq.*, or any agreement Inland Power & Light Company (Inland Power) and Defendant. Plaintiffs further allege Defendant violated Washington's Consumer Protection Act (CPA), RCW 19.86 *et seq.*, by falsely representing it had the right to install fiber optic cable on their property under the Cable

**SUMMARY JUDGMENT ORDER ~ 1**

Act.  Plaintiffs move for summary judgment on their trespass claim, and Defendant moves for summary judgment on Plaintiffs' CPA claim.

Act.  Plaintiffs move for summary judgment on their trespass claim, and Defendant moves for summary judgment on Plaintiffs' CPA claim.

Inland Power holds an easement on Plaintiffs' property which was granted by previous owners in 1974. ECF No. 33-1. The easement provides that Inland Power has the right to "construct, operate and maintain, and to reconstruct, rephase, alter, repair and energize, under, on, and/or above the above-described lands and/or in, under or upon all streets, roads or highways abutting said lands, an electric transmission or distribution line or system." *Id.* Inland Power constructed, and has maintained, power poles and transmission lines on Plaintiffs' property within the scope of the easement. Inland Power has licensed the use of its power poles to telecommunications companies since at least 1956, and telecommunication lines were present on the poles on Plaintiffs' property until the phone company buried the lines several years ago. ECF No. 41 at p. 3-4.

Comcast has an agreement with Inland Power for Joint Use of Poles. ECF No. 39-1. Under this agreement, Comcast contracted with Reel Cable Services to install cable on Inland Power's poles in Stevens County in February 2005, including on Plaintiffs' property. ECF No. 39-2. Reel Cable entered Plaintiffs' property in May 2005 to install cable. When Plaintiffs became aware of Reel Cable's activities on the property, Reel Cable was asked to stop work and complied. Comcast then sent a letter to Plaintiffs asserting it had a right under the Cable Act to enter the property and install cable without Plaintiffs' permission. After reviewing the letter with an attorney, Plaintiffs allowed the installation to go forward.  Plaintiffs brought this suit in April 2007 (initially in Spokane County Superior Court), alleging the Cable Act did not give Comcast authority to install cable on the property, that Comcast trespassed by installing the cable, and that Comcast violated the CPA by incorrectly stating it had authority under the Cable Act. Comcast now concedes it did not have authority under the Cable Act to install cable on Plaintiffs' property, but asserts it did have a right to do so under its agreement with Inland Power.

**SUMMARY JUDGMENT ORDER ~ 2**

Comcast further argues its representation to Plaintiffs that it had authority under the Cable Act was made in good faith and was of no consequence because Comcast did have the right to install cable on Plaintiffs' property pursuant to other authority, that being the pole agreement.

## II. SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986); *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if

**SUMMARY JUDGMENT ORDER ~ 3**

there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

### III. DISCUSSION

Viewing the facts in the light most favorable to Plaintiffs, there is no issue of material fact with regard to at least two of the required elements of a CPA claim, those being unfair or deceptive act or practice by the Defendant and impact to the public interest. No reasonable trier of fact could find Comcast's actions were unfair or deceptive or impacted the public interest. The parties' dispute does not plausibly fit within the intent of the CPA.

With regard to the trespass claim, there remain issues of material fact that cannot be resolved in Plaintiffs' favor. Defendant does not challenge Plaintiffs' contention that it lacked authority to install cable on Plaintiffs' property pursuant to the Cable Act. Defendant instead alleges it had authority to install cable pursuant to the terms of the easement held by Inland Power and under the terms of its pole agreement with Inland Power. The key issue is whether the language of the easement allows fiber optic cable to be installed on the power poles. The court finds this language is ambiguous. Extrinsic evidence of the parties' intent is necessary to determine the scope of the easement and issues of material fact remain with regard to said intent. There is a split of authority regarding whether a utility company can partially transfer its easement rights for use by telecommunications companies. Washington courts have not addressed this precise issue. The majority position, however, is that power companies can partially transfer easement rights for compatible uses, as long as the use is within the scope of the easement and does not unnecessarily burden the servient estate. Issues of material fact remain with regard to whether fiber optic cable use is within the intended scope of the easement, whether such use unnecessarily burdens the servient estate, and if either of those issues are resolved in

**SUMMARY JUDGMENT ORDER ~ 4**

Plaintiffs' favor, whether Defendant had authority to install cable under a prescriptive easement.

### A.    Consumer Protection Act

To establish a claim for violation of the CPA, a plaintiff must show: "(1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act." *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602, 200 P.3d 695(2009).

An act may be unfair or deceptive if it has the capacity to deceive a substantial portion of the public. *Potter v. Wilbur-Ellis Co.*, 62 Wash. App. 318, 327-28, 814 P.2d 670 (1991) (Statement made in pesticide company's sales presentation, that product would not harm lawns, "had the capacity to deceive substantial portions of the consuming public"). Intent to deceive or actual deception are unnecessary. The only requirement is that an act has the capacity to deceive. *Dwyer v. J.I. Kislak Mortg. Corp.*, 103 Wash. App. 542, 547, 13 P.3d. 240 (2000). Acts made in good faith under an arguable interpretation of the law are not unfair or deceptive and do not violate the CPA. *Perry v. Island Sav. and Loan Ass'n*, 101 Wash.2d 795, 810-11, 684 P.2d 1281 (1984).

The purpose of the CPA is to protect the public interest and, absent violation of a specific legislative declaration of public interest, proof of impact to the public interest requires:

> (1) the defendant by unfair or deceptive acts or practices in the conduct of trade or commerce has induced the plaintiff to act or refrain from acting; (2) the plaintiff suffers damage brought about by such action or failure to act; and (3) the defendant's deceptive acts or practices have the potential for repetition.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 779, 719 P.2d 531 (1986) (quoting *Anhold v. Daniels*, 94 Wash.2d 40, 46, 614 P.2d 242

**SUMMARY JUDGMENT ORDER ~ 5**

(1984)). In a private dispute, there must be a likelihood that additional plaintiffs have been or will be injured in the same way. *Michael*, 165 Wn.2d at 604. "The CPA should not be construed to prohibit acts or practices which are reasonably related to the development and preservation of business, or which are not injurious to the public interest." *Cox v. Lewiston Grain Growers, Inc.*, 86 Wn. App. 357, 374, 936 P.2d 1191, *review denied*, 133 Wn.2d 1020, 948 P.2d 387 (1997) (citing RCW 19.86.920). The court must weigh the public interest against the right of a business to conduct its trade. *Id.*

Defendant's actions were not unfair or deceptive, and even assuming they were, there was no impact to the public interest. There is no evidence to suggest Defendant acted in bad faith in representing to Plaintiffs that it had authority under the Cable Act to install cable on Plaintiffs' property, and there is no indication Defendant's actions had the capacity to deceive a substantial portion of the public. The Defendant's representation appears to have been made under a good faith belief that the easement at issue was publicly dedicated and therefore, the Cable Act permitted installation of fiber optic cable. Plaintiffs assert Defendant routinely uses a form letter which falsely states it has authority under the Cable Act to enter private property and install cable. Plaintiff has provided no evidence to support this claim. It is noted that the purported "form letter" does not rely solely on the Cable Act as authority for installation of cable. It also relies on "basic real property law" in that some courts "have ruled that the addition of cable television lines to pre-existing easements does not represent an additional servitude on the underlying property where the cable plant is in line with telephone and electric plant." ECF No. 33-2. As discussed *infra*, that is one of the issues of material fact remaining regarding Plaintiffs' trespass claim. This is a simple property dispute regarding the scope of an easement. It is unique to Plaintiffs and Defendant and, assuming Plaintiffs have been injured (that there is a trespass), there is not a likelihood that additional plaintiffs have been or will be injured in the same way.

**SUMMARY JUDGMENT ORDER ~ 6**

  *B. Trespass*

The scope of an express easement is a mixed question of fact and law. "What the original parties intended is a question of fact and the legal consequence of that intent is a question of law." *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). "The primary objective when determining the scope of an easement is to effectuate the intent of the parties who created it." *Wilson & Son Ranch, LLC v.Hintz*, 253 P.3d 470, 475 (Wash. Ct. App. 2011). "When there is specific, unambiguous language creating an easement, that language may be determinative of the permitted uses and, thus, the parties' intent as to its scope." *Id*. "If the language creating the easement is ambiguous regarding permissible uses . . . the parties' intent may be determined by certain factors outside the terms of the grant." *Id*., citing *Logan v. Brodrick*, 29 Wn.App. 796, 799-800, 631 P.2d 429 (1981). "When utilizing extrinsic evidence to determine the scope of an easement, 'we look to the intentions of the parties connected with the original creation of the easement, the nature and situation of the parties subject to the easement, and the manner in which the easement has been used and occupied.'" *Id*., quoting *Logan*, 29 Wn.App. At 799 (holding increased use of right of way easement was foreseeable and intended by original parties and did not exceed the scope of the easement). The manner of use may change over time in response to changes in technology. *Id.*; *accord* Restatement (Third) of Property: Servitudes § 4.10 (2000). The use to which an easement is put is evidence of the intent of the parties. *Hanson v. Lee*, 3 Wash. App. 461, 466, 476 P.2d 550 (1970).

The language used in the express easement at issue- "electric transmission or distribution line or system"- is ambiguous as to whether fiber optic cable is a permissible use. The Texas Supreme Court has held this precise language is not ambiguous and does not allow for installation of fiber optic cable. *Marcus Cable Associates, L.P. d/b/a Charter Communications v. Krohn*, 46 Tex. Sup. Ct. J. 167, 90 S.W.3d 697 (2002). The

**SUMMARY JUDGMENT ORDER ~ 7**

reasoning used by the majority in that case is unpersuasive to this court. Indeed, it is the dissenting opinion in that case which is, for the most part, persuasive. Noting the easement at issue had been granted in 1939, the dissenting opinion pointed out the grantors of the easement were clearly thinking about electric power, not an electric cable television signal. *Id*. at 708. According to the dissenting opinion, that was not the question, however, because "the scope of an easement is measured by the parties' intent as expressed in the words used, broadened by changes in the manner, frequency, and intensity of the intended use that are due to technological advances and do not unreasonably burden the servient estate." *Id*. Thus, "a use that is within the language of an easement as it has come to be understood with changes in technology is not prohibited simply because it was not part of the parties' original thinking." *Id*. The dissenting opinion would have held the easement at issue could be apportioned or divided with the cable company based on the development of cable television since 1939. *Id*. at 712. It appears the dissenting opinion, like the majority opinion, did not consider the language of the easement to be ambiguous and therefore, did not rely on extrinsic evidence to support its reasoning. It seemingly found that it was intrinsic within the language that cable was permissible.

Arguably, the 1974 "Right-Of-Way Easement" granted by Hal and Marjorie Norrie to Inland Power did not contemplate an electric cable television signal, but was nevertheless "broadened by changes in the manner, frequency, and intensity of the intended use that are due to technological advances [which] do not unreasonably burden the servient estate." This court, however, will not make that determination based on the language of the easement alone, but will consider extrinsic evidence to interpret the language which, under the particular circumstances, is ambiguous. Utility companies and cable companies have apparently been operating under the assumption this language allows for the installation of cable. It is also apparent that a landowner may interpret the

**SUMMARY JUDGMENT ORDER ~ 8**

language as more restrictive. There remain unresolved issues of material fact as to whether fiber optic cable fits within the intended use of the easement.[1] Even if fiber optic cable is found not to be an intended use of the easement, issues of material fact remain as to whether Defendant had authority to install cable pursuant to a prescriptive easement.

The holder of an easement may not partially transfer or grant access to a third party for an entirely different use. *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 156 Wash.2d 253, 126 P.3d 16 (2006) (Railroad company could not grant access to cable company to bury fiberoptic cable within easement dedicated for railroad use).[2] This does not, however, necessarily mean that rights under a commercial easement in gross may never be partially transferred. "Transferable benefits in gross may be divided unless contrary to the terms of the servitude, or unless the division unreasonably increases the burden on the servient estate." Restatement (Third) of Property: Servitudes § 5.9 (2000). Washington courts have not addressed the specific issue of whether a utility company can assign its easement rights for use by a cable company. There is some split in authority, but the majority position is that a utility company may partially assign its easement rights to a cable or telecommunications company as long as the additional use is within the scope of the easement and does not unreasonably burden the servient estate. *See e.g.*, *Heydon v. MediaOne*, 275 Mich.App. 267, 274-75, 739 N.W.2d 373 (2007) (holding that easement was divisible and installing fiber optic cable on power poles did

---

[1] If the 1974 Inland Power easement included telecommunications lines, including both telephone lines and cable, there would also seemingly be an issue of material fact as to whether the easement for that specific purpose could be, and was, abandoned when in 1995 the Plaintiffs granted an easement to Pacific Northwest Bell Telephone Company to bury the telephone lines underground.

[2] *Kershaw* is distinguishable from the instant case. It is much more plausible that cable would fall within the scope of an easement for an "electric transmission or distribution line or system" as opposed to a railroad right-of-way easement.

**SUMMARY JUDGMENT ORDER ~ 9**

not burden servient estate); *Zhang Communications Enterprises, Inc.*, 272 Conn. 627, 866 A.2d 588 (2005) (utility company could partially assign its easement rights for telecommunications uses; remanded on issue of overburdening of servient estate); s*ee* 17 Wash Prac. § 2.11 (2000). In a few states, courts have held that installation of cable pursuant to an electric company easement is a significant burden on the servient estate or that an electric company cannot apportion its easement for such use. *See e.g.*, *Ogg v. Mediacom, LLC*, 142 S.W.3d 801 (Mo. App. W.D. 2004); *Jackson v. City of Auburn*, 971 So.2d 696 (Ala. Civ. App., 2006). The majority position, that a utility company may partially assign its easement rights if appropriate conditions are met, seems reasonable and is consistent with the general rule on divisibility of servitudes. *See* Restatement (Third) of Property: Servitudes § 5.9 (2000).

## IV. CONCLUSION

Plaintiff's CPA claim fails as a matter of law and therefore, Defendant's Motion for Partial Summary Judgment (ECF No. 36) is **GRANTED**. Defendant is awarded judgment on the CPA claim.

Plaintiff's Motion for Partial Summary Judgment and Order for Injunction (ECF No. 31) is **DENIED.** Issues of material fact remain as to whether fiber optic cable use is within the scope of the easement and if so, whether such additional use unreasonably burdens the servient estate. In the absence of an express easement allowing for such use, an issue of material fact exists as to whether Defendant nevertheless had authority to install cable pursuant to a prescriptive easement.

//
//
//
//

**SUMMARY JUDGMENT ORDER ~ 10**

**IT IS SO ORDERED.** The District court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this  8th  day of September, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

**SUMMARY JUDGMENT ORDER ~ 11**