1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CARY E. BERGER and K.C.
CHARLES, INC., a Washington
corporation,

          Plaintiffs,

vs.

COMCAST OF PENNSYLVANIA/
WASHINGTON/ WEST VIRGINIA,
LP, a Colorado limited partnership
corporation,

          Defendant.

NO. CV-08-320-LRS

**ORDER DENYING MOTION
FOR RECONSIDERATION**

**BEFORE THE COURT** is Plaintiffs' Motion For Reconsideration (ECF No. 71).  This motion is heard without oral argument.

## I.  BACKGROUND

Plaintiffs ask the court to reconsider its decision awarding summary judgment to Defendant on Plaintiffs' Washington Consumer Protection Act (CPA) claim.(ECF No. 67).  Plaintiffs assert the court erred in failing to view the evidence and the inferences that flow from the evidence in the light most favorable to the non-moving party.  Plaintiffs argue it was inappropriate for the court to find as a matter of law that Defendant's representation it had authority under the Cable Act to install cable on Plaintiffs' property "appears to have been made under a good faith belief that the easement at issue was publicly dedicated and therefore, the Cable Act permitted installation of the fiber optic cable."

**ORDER DENYING MOTION
FOR RECONSIDERATION**       ~ 1

## II. DISCUSSION

The May 26, 2005 fax from Ryan Zapf to Cary Berger (ECF No. 33-2) contained an accurate statement of the law: "any franchise issued to a cable operator authorizes the construction of a cable system over the public rights-of-way, and through easements, that have been dedicated for compatible uses."[1] Representations made in good faith under an arguable interpretation of the law are not unfair and deceptive and do not violate the CPA. *Perry v. Island Sav. and Loan Ass'n*, 101 Wn.2d 795, 810-11, 684 P.2d 1281 (1984). Defendant Comcast says it thought the 1974 easement at issue was one which had been dedicated to public use. It turned out it was not.

The record shows that in a letter from Inland Power to Cary Berger dated May 19, 2005, a week before the aforementioned fax, Inland Power informed Berger of the specific easement at issue: "We installed our line in 1974 and secured an easement from Norrie's who were the legal owners at the time. Public record[s] indicate that your 40 acres were part of the original property owned by Norrie." The letter indicated a copy of the same would be sent to Zapf "so he can contact you as to the best access to reach our right of way." (ECF No. 81-1).[2]

In a letter dated June 21, 2005 from Comcast general counsel, Jonathan B. Newcomb, Esq., to Stephen R. Matthews, Esq., counsel for Plaintiffs, Newcomb repeated the accurate statement of the law set forth in the May 26, 2005 fax that "[t]he legislative history of the [Cable] Act, its predecessors, and various FCC

---

[1] The cover page of the fax reads: "This is the Federal Cable Act of 1984. It speaks specifically to this issue . . . . Let me know what you think."

[2] This letter was referred to in Mr. Newcomb's declaration filed July 8, 2011 (ECF No. 53), but the letter itself was inadvertently not attached as an exhibit to the declaration as intended. Thus, a praecipe was filed by Defendant on September 23, 2011 (ECF No. 81) to remedy the oversight.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION        ~ 2**

1  orders make clear that cable companies cannot be denied access to easements

2  dedicated for electric, gas or other utility transmissions." The letter stated that

3  "[i]n the case of your client's property, the prior owners granted a utility easement

4  in favor of Inland Power & Light Company across your client's lot in April 1974."

5  Newcomb assumed the 1974 easement was a utility easement dedicated to a public

6  use. Again, it turned out Comcast was wrong about the nature of the easement

7       Plaintiffs assert that "[e]ven if Defendant did not intend to misrepresent the

8  law, it is still liable under the CPA because the representation deceived the

9  Plaintiffs long enough to allow Comcast to install cable on their land." First,

10  Defendant did not misrepresent the law. Secondly, when Plaintiffs asked that

11  installation of the cable be stopped, it was stopped while Mr. Berger "looked into

12  the matter"[3] and while the aforementioned fax was sent by Comcast to Berger.

13  Following receipt of the fax, Plaintiffs, with or without further investigation,

14  allowed the installation of the cable to be completed.

15       Newcomb acknowledges that at the time of his June 21, 2005 letter, he did

16  not realize the 1974 easement did not meet the Ninth Circuit's definition of a

17  dedicated public easement.[4] Plaintiffs contend this is "hardly exculpatory"

18  because the Defendant "admits it asserted a right under the Cable Act without

19  looking at the easement in question to see if it satisfied the critical premise of the

20  Act." As noted above, Plaintiffs, represented by their own counsel, had an

21  opportunity to do an investigation regarding the easement and whether it met the

22  Ninth Circuit's definition of a dedicated public easement. Just as importantly, the

23  issue about the nature of this particular1974 easement (private versus public)

24  manifests the private nature of the parties' dispute and that there was not a

25

26  [3] Berger acknowledges that prior to receiving the May 26, 2005 fax, he had been
"looking into the matter." (Second Declaration of Cary Berger, ECF No. 47).

27

28  [4] *Cable Ariz. Corp. v. CoxCom, Inc.*, 261 F.3d 871 (2001).

**ORDER DENYING MOTION
FOR RECONSIDERATION          ~ 3**

1    capacity for any unfair or deceptive act or practice by the Defendant to deceive a

2    substantial portion of the public.

3         According to Plaintiffs, "[i]f Mr. Newcomb and his client Defendant were

4    acting in good faith, they would have done what Plaintiffs' attorneys did– look up

5    the law and check the easement."  Plaintiffs contend "Defendant knew Plaintiffs

6    were disputing the applicability of the Cable Act [and] [n]evertheless, it took a

7    lawsuit for Mr. Newcomb to easily and quickly understand 'that Plaintiff was

8    contending that Inland Power's easement [was] a private easement and therefore

9    not within the Cable Act.'"  Plaintiffs and their counsel also had an opportunity in

10   June 2005 to "check the easement."  In June 2005, Plaintiffs and their counsel did

11   not inform Defendant the easement was private in nature.  Furthermore, Plaintiffs'

12   lawsuit was not filed until almost two years later in Stevens County (April 2007).

13        Plaintiffs note that in his declaration filed July 8, 2011, Newcomb states

14   that based on "the fact that the easement in question was publicly recorded, I

15   assumed the easement was a dedicated easement within the meaning of the federal

16   Cable Act."  Plaintiffs assert the easement was never recorded.  Nevertheless, it is

17   important to point out that in his June 2005 letter to Plaintiffs' counsel, Newcomb

18   made no representation as to whether or not the easement had been recorded.

19   Again, armed with the information they had in May/June 2005, it is reasonable to

20   believe Plaintiffs and their counsel could have determined whether the easement

21   had been recorded and whether it was a dedicated easement subject to the Cable

22   Act.  Plaintiffs were not induced by anything the Defendant did- including the

23   May 26, 2005 fax- to refrain from acting.  The record indicates Plaintiffs sought

24   information regarding the easement at issue and sought the assistance of counsel

25   in determining whether Defendant's activities on Plaintiff's land were legally

26   proper.

27        As the court pointed out in its summary judgment order, the May 26, 2005

28

**ORDER DENYING MOTION**
**FOR RECONSIDERATION          ~ 4**

fax from Comcast to Berger addressed the fact that "basic real property law provides an additional basis for a cable operator to install and maintain coaxial cable, anchors, power supply cabinets, above-ground pedestals and related plant equipment within utility easements."   (ECF No. 33-2 at p. 3).  Whether or not Comcast intended to also rely on this "basic real property law," the fax accurately pointed out that "[m]any courts have ruled that the addition of cable television lines to pre-existing easements does not represent an additional servitude on the underlying property where the cable plant is in line with the telephone and electric plant" and "an easement granted to a utility may be apportioned by the utility for use by cable television."  The apportionment principle applies regardless of whether the easement in question is public or private.  This apportionment issue is one the court intends to resolve at trial with regard to Plaintiffs' trespass claim. The scope of the easement (as opposed to the private or public nature of the easement) has always been a legitimate issue and continues to be so.

Plaintiffs assert that "when viewed in the light most favorable to the Plaintiffs[,] the facsimile [May 26, 2005 fax from Zapf to Berger] is a form for distribution to justify entry onto land without an easement."  Obviously, however, there is an easement in this case and Plaintiffs knew about it at or around the time the May 26, 2005 fax was sent.[5]  This particular easement is unique to this case.

Even assuming the information contained in the fax was not prepared specifically for Plaintiffs and was prepared to inform Comcast employees about the law, use of the information- conveying it to landowners- was not unfair or deceptive.  The information was accurate regarding the law and the only thing that created an issue in the case at bar is that the particular easement is not a dedicated

---

[5] Even the Cable Act presupposes the existence of an easement dedicated to public use.  The Cable Act piggybacks off a public easement.  A cable company cannot enter someone's land based on the Cable Act alone.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION          ~ 5**

public easement.  Presenting the same information to a landowner subject to a dedicated public easement would create no issue.

Plaintiffs assert Defendant "has not provided any testimony or other evidence that the [fax] has not been used in circumstances similar to those in this case" and "[t]he obvious inference is that the document has been used before."  It is Plaintiffs' burden to prove the document was some kind of form letter having the capacity to deceive a substantial portion of the public.  Even if it is a reasonable inference that the information had been used before, it is of no consequence considering the information is accurate with regard to the law and assumes, based on that law, that the easement at issue is publicly dedicated.

For the same reason, it is of no consequence that the faxed information made no reference to the Ninth Circuit's decision in *Cable Ariz. Corp. v. CoxCom, Inc.*, 261 F.3d 871 (2001).  Indeed, it is very likely the information was prepared prior to 2001, considering there is no reference to any legislation or judicial decision dating any later than 1996.  Plaintiffs note the May 26, 2005 fax quotes language from the legislative history of the Cable Act that "[a]ny private arrangements which seek to restrict a cable system's use of such easements or rights-of-way which have been granted to other utilities are in violation of this [law] and [are] not enforceable."  H.R. Rep. No. 934 at 59.  In *Cable Arizona*, the cable company (Cable America) cited this legislative history in arguing the Cable Act applied to more than just public easements.  The Ninth Circuit found the Cable Act applies only to easements dedicated for public use because "reading §621(a)(2) [47 U.S.C. §541(a)(2)] this way [to apply to more than just public easements] is difficult to square with the fact that the legislation once included a form of the right of access claimed by Cable America- proposed §633- which was dropped from the final version of the Act."  261 F.3d at 875.  Plaintiffs assert "this legislative history dropped from the final version of the Act is not law."  The

**ORDER DENYING MOTION**
**FOR RECONSIDERATION          ~ 6**

legislative history is what it is.  It was not "dropped."  Instead, proposed Section 633 was "dropped."  That the legislative history was quoted in Comcast's fax does not indicate any deception, particularly when the fax correctly quoted Section 621(a)(2) which specifies that cable franchisees have the right to construct a cable system "over public rights-of-way, and through easements, . . . which have been dedicated for compatible use."  In *Cable Arizona*, the Ninth Circuit determined what the language in Section 621(a)(2) meant and if it was limited to public easements.

## III.  CONCLUSION

There is no significant dispute about what occurred and what did not occur in this case.  Based on those undisputed facts as set forth above and in the court's summary judgment order, and without regard to the intent or credibility of any individual,[6] the court did not clearly err in concluding as a matter of law that: 1) there was no unfair or deceptive act on the part of the Defendant which had the capacity to deceive a substantial portion of the public; and 2) even if there was an unfair or deceptive act, it does not impact the public interest because there is not a likelihood that additional plaintiffs have been or will be injured in the same way.[7]  This is a private dispute based on a unique set of circumstances.  A reasonable inference cannot be drawn that the fax sent by Zapf to Berger was a form letter routinely sent to other landowners to quell disputes regarding Comcast's right to install cable on their land.  There is no evidence Comcast ever sent similar letters to any others, and no evidence that any such others were in similarly unusual

---

[6] The presence or absence of good faith by Comcast, and its intent or lack of intent to deceive, is not a necessary part of the court's determination.  The court's determination is based solely on the objective undisputed facts.

[7] Plaintiffs will not have been injured if there has been no trespass.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION**          ~ 7

1    circumstances like Plaintiffs involving an easement for a utility company that was

2    not a public easement.

3            Furthermore, the causation element of a CPA claim cannot be satisfied in

4    this case.  Investigative and legal expenses sought as damages under the CPA must

5    be solely caused by unfair and deceptive conduct.  *Panag v. Farmers Ins. Co. of*

6    *Washington*, 166 Wn.2d 27, 64, 204 P.3d 885 (2009).  Fees and costs incurred by

7    Plaintiffs would have been expended regardless of any unfair or deceptive act

8    relating to the Cable Act because there has always been an issue, and there

9    remains an issue, regarding Comcast's rights pursuant to the 1974 easement,

10   notwithstanding the Cable Act.  The easement is the basis on which Inland Power

11   licensed Comcast to use its power poles to string fiber optic cable.  Although the

12   court did not rely on the causation element in its summary judgment order,  it is an

13   additional reason to deny Plaintiffs' Motion For Reconsideration.

14           For all of the foregoing reasons, Plaintiffs' Motion For Reconsideration

15   (ECF No. 71) is **DENIED**.

16           **IT IS SO ORDERED.** The District court Executive is directed to enter this

17   Order and provide copies to counsel.

18           **DATED** this   28th   day of September, 2011.

19

20                                      *s/Lonny R. Suko*

                                   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
21                                      LONNY R. SUKO
                                   United States District Judge

22

23

24

25

26

27

28

**ORDER DENYING MOTION**
**FOR RECONSIDERATION**            **~ 8**